**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARAM MONTOYA,

    Plaintiff,

  v.                                                       CIV No.  10-0006 LH/ACT

RON TORRES,
C.O. FLORES,
BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,

    Defendants.

MEMORANDUM OPINION AND ORDER

        This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint.  Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP").  The filing fee for this civil rights complaint is $350.00.  Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1).  Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1).  For the reasons below, the Court will dismiss certain of Plaintiff's claims.

        The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human*

*Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Flores told Plaintiff to surrender a cup of hot coffee that Plaintiff was carrying. When Plaintiff did not immediately comply, Defendant grabbed the cup from Plaintiff and spilled some of the coffee on both of them. Defendant then threw the remaining coffee on Plaintiff, burning his skin. Plaintiff does not identify the specific constitutional provisions that Defendant's actions allegedly violated. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants Torres and Bernalillo County Metropolitan Detention Center. The complaint contains no allegations against either of these Defendants. To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor or employer-entity may not be based solely on a theory of respondeat superior liability for the actions of employee-subordinates. *See Mitchell*, 80 F.3d at 1441. The Court will dismiss Plaintiff's claims against these Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 2, 5) is GRANTED, and the initial partial filing fee payment under § 1915(b)(1) is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Torres and Bernalillo County Metropolitan Detention Center are DISMISSED; and these Defendants are DISMISSED as

parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Flores.

_____
SENIOR UNITED STATES DISTRICT JUDGE